IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

AUNYSTI BANKS, A MINOR
BY HER GUARDIAN OF THE ESTATE,
CITIZENS BANK OF BATESVILLE, ARKANSAS

AND

ARKANSAS DEPARTMENT OF HEALTH                          PLAINTIFFS/
AND HUMAN SERVICES                            COUNTER DEFENDANTS

v.                        No. 4-06-CV-0322 GH

HAROLD B. COLLINS, M.D. and
AMY CATHERINE EBLE, M.D.
F/K/A  AMY WEIDOWER-LAMB, M.D.          DEFENDANT/THIRD-PARTY
F/K/A  AMY WEIDOWER, M.D.                        PLAINTIFFS

v.

EDWANNA BANKS AND                    THIRD-PARTY DEFENDANTS
CHARLES BANKS

**BRIEF IN SUPPORT OF RESPONSE OF ARKANSAS DEPARTMENT
OF HEALTH AND HUMAN SERVICES TO MOTION TO DISMISS**

Comes the Arkansas Department of Health and Human Services and for

its Brief in Support of Response to the Motion to Dismiss brought by Amy

Catherine Eble, M.D. states:

## I. INTRODUCTION

Separate Plaintiff, the Arkansas Department of Health and Human

Services (hereinafter the DHHS) alleges this Court has subject matter

jurisdiction because the Defendants were not citizens of the State of Arkansas

at the time the action was initiated.  Amy Catherine Eble, M.D. alleges that this

court is without subject matter jurisdiction because she is a citizen of the State

of Arkansas.   She alleges that she is temporarily absent from the State of Arkansas while her husband completes a fellowship in Texas.   The DHHS asserts that, subsequent to her move to Texas, the manner in which she has conducted her affairs is inconsistent with a temporary absence from the State of Arkansas and that there is diversity of citizenship.

## II. DISCUSSION

By enacting 28 U.S.C. § 1332(a)(1) Congress limited the jurisdiction of federal district courts to "all civil actions where the matter in controversy exceeds…$75,000…and is between…citizens of different states." *GMAC Commercial Credit v. Dillard Dept. Stores,* 357 F.3d 827, 828 (8th Cir. 2004). The party asserting diversity jurisdiction bears the burden of demonstrating diversity by a preponderance of the evidence.   *Blakemore v. Mo. Pac. R.R. Co.* 789 F.2d 616, 618 (8th Cir. 1986).   The "determination of citizenship for purposes of diversity is a mixed question of law and fact, but mainly fact." *Altimore v. Mount Mercy Hospital,* 420 F.3d 763, 768 (8th Cir. 2005).

Dr. Eble contends that she intends to return to Arkansas at some future date and thus has not demonstrated the requisite intent to change her domicile to the State of Texas.   In support of this position Dr. Eble attaches her affidavit. Among other things, Dr. Eble contends that she: (1) purchased a home in Texas with a three year adjustable mortgage; (2) purchased real property in Pulaski County, Arkansas; (3) made a verbal commitment to a future practice with the Central Clinic for Women in Arkansas; (4) contributes to a church in Guy, Arkansas. *See* Amy C. Eble Aff. ¶¶ 12-14, 18.  Dr. Eble also attached the

affidavits of two former colleagues, both of whom assert that Dr. Eble previously expressed intent to return to Arkansas after her husband completes his fellowship.  *See* Holly Cochran Aff. (Eble Exhibit B) and Paul McChristian Aff. (Eble Exhibit C).

At first blush Dr. Eble's actions seem consistent with the actions of a citizen of Arkansas.   However, Dr. Eble failed to mention that she has affirmatively undertaken certain actions which contradict her verbal assertions. On July 8, 2003 Dr. Eble surrendered her Arkansas Driver's License after obtaining a Driver's License in the State of Texas.  *See* David R. Hudelson Aff ¶ 5 and Exhibit B.   Shortly thereafter, Dr. Eble registered to vote in Brazoria County, Texas listing her residence in Manvel, Texas as her domicile for purposes of voter registration.  *Id.* ¶6.  Texas Statutes § 11.001 ELEC. and § 11.002 ELEC. mandate that an individual must be a resident of the State of Texas as a condition precedent to establishing eligibility to vote as a qualified voter. Other records maintained by Pulaski County, Arkansas reflect that she has not assessed personal property subsequent to her move to Texas. *Id.* ¶7.  It follows that her failure to assess personal property and pay the resulting taxes statutorily prevents Dr. Eble from registering a motor vehicle in the State of Arkansas.   Dr. Eble did not update her Arkansas voter registration. Records maintained by the Circuit Clerk of Pulaski County, Arkansas reveal that she has not voted in Arkansas since November 5, 2002 and that her status is inactive. *Id.* ¶8 and Exhibit C.

Ark. Code Ann. § 26-51-102 defines a resident as it relates to the Arkansas "Income Tax Act of 1929." Ark. Code Ann. § 26-51-201(a) imposes a tax upon the entire income of every resident. It is notable that Dr. Eble does not contend that she has claimed Arkansas residency for the purposes of the tax code. In this regard the regulations adopted by the Arkansas Department of Finance and Administration (the agency responsible for administering the State tax code) prove illuminating. Those regulations, found at State Income Tax Regulations, section 1.26-51-102(9), contain a list of factors the State of Arkansas considers when determining whether an individual is a resident of this State:

a) Address used on federal income tax returns;
b) Address used on telephone, utility and commercial documents;
c) Address used on voter registration;
d) Address used on drivers license, hunting and fishing license;
e) Address used on motor vehicle, boat and trailer registration;
f) Address used on real and personal property tax documents;
g) Address used on county and other tax assessments;
h) Address on governmental documents, such as military records. With respect to military records, the Leave and Earning Statement is a very important document;

Comparing these factors to the conduct of Dr. Eble it is clear that the State of Arkansas does not consider her a resident, and much like the 8th Circuit Court of Appeals noted in *Altimore,* the State of Arkansas would be surprised that Dr. Eble claims Arkansas as her domicile.

### III. CONCLUSION

The foregoing establishes, by a preponderance of the evidence that Amy Catherine Eble is a citizen of and domiciled in the State of Texas and thus not a citizen of the State of Arkansas. Diversity jurisdiction is appropriate.

Respectfully submitted,

ARKANSAS DEPARTMENT OF HEALTH AND
HUMAN SERVICES
Office of Chief Counsel

By: **/s/   RICHARD B. DAHLGREN**
    Richard B. Dahlgren, Ark. Bar No.: 77038
    P. O. Box 1437, Slot S-260
    Little Rock, AR  72203-1437
    (501) 682-8934

By: **/s/   JAMES E. BRADER**
    James E. Brader, Ark. Bar No.: 2001056
    P. O. Box 1437, Slot S-260
    Little Rock, AR  72203-1437
    (501) 682-8934

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System.  I further certify I have served copies to the individuals listed below by depositing same in the U.S. Mail in properly addressed envelopes with adequate postage thereon this 26th day of April, 2006:

Christian C. Mester
Janet, Jenner & Suggs, LLC
Woodholme Center
1829 Reisterstown Road
Suite 320
Baltimore, MD 21208
(410) 653-3200

Kenneth M. Suggs
Janet, Jenner 7 Suggs, LLC
500 Taylor Street
Suite 301
Columbia, SC  29201
(803) 726-0050
ksuggs@medlawlegalteam.com

Maria H. Dawson
Janet, Jenner & Suggs, LLC
Woodholme Center
1829 Reisterstown Road
Suite 320
Baltimore, MD 21208
(410) 653-3200

Ralph M. Cloar, Jr.
Law Office of Ralph M. Cloar
1501 N. University Avenue
Suite 640
Little Rock, AR 72202
(501) 666-6682
Rmcatt@aol.com

Laura Hensley Smith
Friday, Eldridge & Clark, LLP
400 West Capitol Avenue
Suite 2000
Little Rock, AR 72201
(501) 370-1537
Smith@fec.net

Mariam T. Hopkins
Anderson, Murphy & Hopkins, LLP
400 West Capitol Avenue
Suite 2470
(501) 372-1887
Hopkins@amhfirm.net

Brett David Watson
Anderson, Murphy & Hopkins, LLP
400 West Capitol Avenue
Suite 2470
(501) 372-1887
Watson@amhfirm.net

**/s/  RICHARD B. DAHLGREN**