IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

AUNYSTI BANKS, A MINOR,
by her Guardian of the Estate
Citizens Bank of Batesville, Arkansas

and

ARKANSAS DEPARTMENT OF HEALTH
AND HUMAN SERVICES                                                    PLAINTIFFS

vs.                                    No. 4-06-CV-0322 GH

HAROLD B. COLLINS, M.D.

and

AMY CATHERINE EBLE, M.D.
F/K/A AMY WEIDOWER-LAMB, M.D.
F/K/A AMY WEIDOWER, M.D.                               DEFENDANTS/
                                                      THIRD-PARTY PLAINTIFFS

vs.

EDWANNA BANKS and                          THIRD-PARTY DEFENDANTS
CHARLES BANKS, JR.

BRIEF IN SUPPORT OF DEFENDANT DR. COLLINS' RESPONSE TO PLAINTIFF'S
MOTION TO RECONSIDER DISMISSAL FOR LACK OF SUBJECT MATTER
JURISDICTION

On February 21, 2007, this Court entered an order dismissing plaintiff's lawsuit for lack

of subject matter jurisdiction because it found that one of the defendants, Dr. Amy Eble, is an

Arkansas resident and therefore diversity jurisdiction did not exist. Dismissal was required

because plaintiffs had no other basis for federal jurisdiction. Plaintiff Citizen's Bank of

Batesville now asks the court to reconsider that ruling and dismiss Dr. Eble but leave Dr. Collins as a defendant.

Although it is not styled as such, plaintiff's motion is essentially a request to vacate judgment, and is thus governed by Rule 60(b) of the Federal Rules of Civil Procedure. Motions under that Rule "serve a limited function: to *correct manifest errors of law* or fact or to present newly discovered evidence." Caise v. Nationale de Credit Agricole v. CBI Industries, Inc., 90 F.3d 1264, 1269 (7th Cir. 1996)(emphasis added). Reconsideration "is not an appropriate forum for rehashing previously rejected arguments or *arguing matters that could have been heard during the pendency of the previous motion.* Id. at 1270 (emphasis added). Thus, this Court is now faced with two questions: 1) Did it commit a manifest error of law in dismissing plaintiffs' entire complaint? and 2) Could the Bank have raised the issue of dismissing Dr. Eble, but not Dr. Collins, during the pendency of Dr. Eble's motion to dismiss? As outlined below, the answers to both of these questions requires denial of the Bank's current motion.

The basis for federal jurisdiction, including diversity of citizenship, is determined at the time an action is filed. Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992). A district court has no obligation to dismiss a non-diverse defendant *sua sponte*. Walker by Walker v. Norwest Corp., 108 F.3d 158, 162 (8th Cir. 1997). Once a court finds that it lacks subject matter jurisdiction over an action because of lack of diversity, it is deprived of power to take action in a case. First Am. Nat'l Bank v. Straight Creek Processing Co., 756 F. Supp. 945 (E.D. Va. 1991). In that case, one of the defendants filed a motion to dismiss based on lack of diversity. The plaintiff moved to dismiss the non-diverse parties to preserve jurisdiction. The court found that

it could not consider plaintiff's motion because it had no jurisdiction over the principal action. Id. at 946.

The same is true in the case at bar. At the time plaintiffs filed their complaint, which included an Arkansas resident (Dr. Eble) as a defendant, there was no diversity of citizenship in this case. Thus, there was no federal jurisdiction over plaintiff's causes of action, and this Court was within its discretion in dismissing plaintiff's lawsuit because it never had jurisdiction over this matter. Certainly, the judgment in that regard does not reflect a manifest error of law.

Moreover, the Bank never raised the issue of dismissing only Dr. Eble but retaining jurisdiction over its lawsuit against Dr. Collins in its response to Dr. Eble's motion to dismiss. Clearly, the Bank chose to hedge its bets, hoping that the Court would deny Dr. Eble's motion. Having lost on that issue, the Bank belatedly contends that this Court, on its own motion, should not have dismissed its claims against Dr. Collins. The Court, however, is not required to do so.

None of the cases upon which plaintiff relies involve the same circumstances as the instant case. Both Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567 (2004) and Newman Green, Inc. v. Alfonzo-Lorrain, 490 U.S. 826 (1989) involved the narrow issue of whether an appellate court can grant a motion to dismiss a non-diverse party while a case is on appeal, based on considerations of finality, efficiency and judicial economy. St. Paul Fire and Marine Ins. Co. v. Helena Marine Service, Inc., 884 F.2d 391 (8th Cir.1989), concerned the same issue, although the non-diverse party was an intervenor, rather than a defendant. The case at bar does not involve those considerations.

Notwithstanding the propriety of the Court's dismissal for want of subject matter jurisdiction, the Bank's current motion should be denied under the requirements of Rule 19 of

- 3 –

the Federal Rules of Civil Procedure.  The Brief filed in support of the Bank's Motion misstates

the provisions of that Rule.  Rule 19 contains *four* factors (not three, as outlined in the Bank's

Brief) that a court should consider in a determination of whether a party is indispensable: 1)

prejudice to an absent party; 2) the extent to which protective provisions in the judgment can

lessen or avoid future prejudice to the absent party; 3) whether a judgment in the party's absence

would be adequate; and 4) *whether the plaintiff will have an adequate remedy if the action is*

*dismissed for non-joinder.*  Fed R. Civ. P. 19(b) (emphasis added).

When all of these factors is considered, dismissal of plaintiff's entire lawsuit is

appropriate.  *See e.g.*, Potter v. Bennett, 826 F. Supp. 62 (D.R.I. 1993).  In that case, the plaintiff

filed a negligence and wrongful death suit against a hospital, its employees, and a drug

manufacturer, alleging that the defendants involved his mother in an unauthorized drug

experiment which led to her death.  The hospital and its employees were non-diverse parties, and

filed a motion to dismiss for lack of subject matter jurisdiction.  In granting the motion, and

including the diverse drug company (Upjohn) in the dismissal, the court applied the factors

outlined in Rule 19(b);

> [A] judgment absent the non-diverse parties will subject Upjohn to either multiple
> litigation or sole responsibility.  Without the presence of [the hospital and its
> employees], Upjohn would have to bear the entire cost of liability in this case or
> engage in a second action against the non-diverse defendants for contribution.
> The latter option exposes Upjohn to unnecessary waste of time, effort and costs or
> a second proceeding.  Also, a court in a future proceeding might reach different
> results, thus subjecting Upjohn to the possibility of inconsistent verdicts and
> relief.
>
> It is clear that the state courts have the ability to resolve this dispute, since it is
> essentially a negligence and wrongful death suit. . . . Finally, since plaintiff's
> claim can be resolved competently in state courts, it follows that an adequate
> remedy is available to plaintiff there.

Id. at 65.  These circumstances are analogous to the case at bar.  Without Dr. Eble as a defendant in this case, Dr. Collins would be faced with the potential of either accepting sole responsibility or a future lawsuit against Dr. Eble for contribution.  Furthermore, as a medical malpractice case, plaintiffs' claims against all defendants can certainly be resolved in one lawsuit in state court, which promotes interests of judicial economy and prevents multiple actions in two court systems proceeding on the same issue.  This Court's dismissal of plaintiffs' lawsuit was without prejudice, and thus there is nothing to prevent plaintiffs from proceeding against both defendants in state court.

For the reasons outlined above, the Bank's motion for reconsideration should be denied.

Respectfully submitted,
Friday, Eldredge & Clark, LLP
400 West Capitol Avenue, Ste. 2000
Little Rock, Arkansas  72201
(501) 376-2011

Attorneys for Defendant
Harold B. Collins, M.D.


 /s/  Laura Hensley Smith
LAURA HENSLEY SMITH, #81085

F:\Home\RESI\BANKS\RESPONSE^MOT TO RECONSIDER.doc

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of March, 2007, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

Ralph M. Cloar, Jr.
Rmcatt@aol.com Rmclcoop@aol.com
Mariam T. Hopkins
hopkins@amhfirm.net kerr@amhfirm.net
Kenneth M. Suggs
ksuggs@medlawlegalteam.com

I hereby certify that I mailed the foregoing document on this 8th day of March, 2007 by United States Postal Service to the following non CM/ECF participants:

Mr. Christian C. Mester
JANET, JENNER & SUGGS, LLC
1829 Reisterstown Road, Suite 320
Baltimore, Maryland  21208

Mr. Richard B. Dahlgren
Arkansas Department of Health and Human Services
Office of Chief Counsel
Post Office Box 1437 - Slot S260
Little Rock, Arkansas  72203-1437

Ms. Edwanna Banks
Mr. Charles Banks, Jr.
118 Teresa Lane
Lonoke, Arkansas  72086-3852

/s/  Laura Hensley Smith
LAURA HENSLEY SMITH

F:\Home\RESI\BANKS\RESPONSE^MOT TO RECONSIDER.doc