IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CITIZENS BANK OF BATESVILLE, ARKANSAS, ET AL.                PLAINTIFFS

v.                              No. 4:06CV00322 GH

HAROLD B. COLLINS, M.D., ET AL.                              DEFENDANTS

**ORDER**

By order filed on February 21st, the Court granted Eble's motion to dismiss for lack of subject matter jurisdiction finding that she is a citizen of Arkansas as are plaintiffs so there is no diversity of citizenship. In a separate judgment filed that same date, the Court dismissed the case without prejudice due to lack of subject matter jurisdiction.

On March 1st, Citizens Bank filed a motion to reconsider dismissal of the complaint and to reinstate the complaint as against Collins as complete diversity of citizenship remains between plaintiffs and Collins. It asserts that Civil Procedure Rule 21 allows the Court to drop a dispensable non-diverse party at any time, even after judgment has been rendered. Citizens Bank argues that the Court should have analyzed whether Eble was a dispensable party before dismissing the entire action and, when it considers the factors under Civil Procedure Rule 19, it will be found that a judgment rendered here in Eble's absence will not be prejudicial to either her, Collins or any other party as the complaint sufficiently alleges negligence as to both defendants – stated otherwise, the claim against Collins is not contingent upon Eble being party to the instant action as their acts of negligence were independent of each other and so plaintiffs can proceed to judgment as against

-1-

Collins without Eble being a party – and a judgment rendered in Eble's absence can still be an adequate remedy. It contends that dismissing Eble without prejudice as a non-diverse dispensable party and reinstating the complaint against Collins is permissible and preferred under applicable law, will avoid a waste of judicial time and resources, and will allow plaintiffs their day in Court.

Collins filed a response on March 8th that the motion should be evaluated under Civil Procedure Rule 60(b) and, under that standard, the Court did not commit a manifest error of law in dismissing the entire complaint and Citizens Bank could have raised the issue of dismissing Eble, but not Collins, during the pendency of Eble's motion to dismiss. He asserts that a district court has no obligation to dismiss a non-diverse defendant *sua sponte* and, once a court finds that it lacks subject matter jurisdiction over an action because of lack of diversity, it is deprived of power to take action in that case. Collins argues that Citizens Bank never raised the issue of retaining jurisdiction over its lawsuit against Collins instead hedging its bet that the Court would deny Eble's motion and now belatedly contending that this Court – on its own motion – should not have dismissed the claims against Collins. He continues that, when all the factors under Rule 19 are considered, dismissal of the entire lawsuit is appropriate. Collins argues that without Eble as a defendant here, he would be faced with the potential of either accepting sole responsibility or a future lawsuit against her for contribution; as a medical malpractice case, plaintiffs' claims against all defendants can certainly be resolved in one lawsuit in state court which promotes interests of judicial economy and prevents multiple actions in two court systems proceeding on the same issue; and since the dismissal of the lawsuit was without prejudice, there is nothing to prevent plaintiffs from proceeding against both defendants in state court.

Civil Procedure Rule 60 (b) provides in part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

In its response to the motion to dismiss, Citizens Bank argued that Elbe was a citizen of Texas; however, it stated that if the Court were inclined to grant Elbe's motion to dismiss, any such dismissal should be without prejudice to plaintiffs' ability to recommence suit in an Arkansas state court.[1]  Citizens Bank never argued Rule 21 nor addressed any Rule 19 factors that it now raises.

The Eighth Circuit Court of Appeals in the following excerpt from Associated Ins. Management Corp. v. Arkansas General Agency, Inc., 149 F.3d 794, 798 (8th Cir. 1998), stated:

> The Management Corporation of New York and the insurance companies also argue for the first time on appeal that the district court should have dismissed the claims asserted by the Management Corporation of New York for Colonia of Arkansas, which created the diversity problem, and permitted the Management Corporation of New York and Colonia of New York to proceed alone on the claims they asserted against the Arkansas defendants in an amended complaint.  Although the district court could have entertained a request for the voluntary dismissal of Colonia of Arkansas's claims to preserve diversity, neither the Management Corporation of New York nor the insurance companies asked the district court for this kind of relief.  To the contrary, they persuaded the district court to use Rule 17(a) to

---

[1]Upon careful review of the specific relief sought by the motion to dismiss and the precise language contained in the response and brief of Citizens Bank, the motion clearly was seeking dismissal of the entire lawsuit and the perspective of almost all the references by Citizens Bank was on the dismissal of the action being **without prejudice** although there was one reference to "any such adjudication should be entered as an involuntary non-suit without prejudice as to Defendant Eble" and another to "dismiss the action against Defendant Eble without prejudice."  Thus, the Court, as did Collins, had a firm basis for concluding that Citizens Bank was alternatively seeking dismissal of the lawsuit without prejudice and not just Eble as a defendant since Citizens Bank never unambiguously indicated that it was moving for dismissal of Eble only.

keep Colonia of Arkansas's claims in the lawsuit. In this circumstance, the district court had no obligation to dismiss the nondiverse claims on its own motion. See Walker v. Norwest Corp., 108 F.3d 158, 162 (8th Cir. 1997).

Rule 21 provides:

Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

Rule 19 provides:

(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

(b) Determination by Court Whenever Joinder not Feasible. If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Although Citizens Bank argues that Eble's absence will not prejudicial to Collins, he has countered, that as both he and Eble are alleged to have been negligent, he would be faced with the potential of either accepting sole responsibility or a future lawsuit against Eble for contribution.

Based on the allegations against Eble and Collins in complaint, the Court agrees that dismissal of solely Eble would be prejudicial to Collins here. Moreover, as plaintiffs have stated that they intend to pursue a medical malpractice action against Eble in state court, it is clear that judicial economy would not be served by simultaneous lawsuits on basically the same issue and with the potential for inconsistent verdicts.[2]

Accordingly, the March 1st motion (#63) for reconsideration by Citizens Bank is hereby denied.

IT IS SO ORDERED this 20th day of March, 2007.

*George Howard, Jr.*
UNITED STATES DISTRICT JUDGE

---

[2] Therefore, this is not a situation where plaintiffs have chosen to pursue only one of the alleged tortfeasors.